08-3151-cr(L), 08-3639-cr(CON)
United States v. Davis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> LOUIS L. STANTON,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.                                             Nos.  08-3151-cr(L), 08-3639-cr(CON)

MYRON ORLANDO HENRY, JASON DANTLEY DAVIS, also known as Handsome,

> *Defendants-Appellants,*

JOSEPH MARCELL RAY,

> *Defendant*.

---

[*] The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant Davis:     WILLIAM H. PAETZOLD, Moriarty, Paetzold & Sherwood, Glastonbury, CT.

For Appellee:     EDWARD T. KANG, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, *of counsel*), *for* Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**, but the defendant's sentence is **VACATED** and the case **REMANDED** for re-sentencing in light of a recent decision of this Court.

Defendant-Appellant Jason Davis[1] appeals from a judgment of conviction dated July 22, 2008, sentencing the defendant primarily to 240 months' imprisonment followed by 8 years' supervised release.  On appeal, Davis objects to the district court's admission of "other acts" evidence pursuant to Fed. R. Evid. 404(b), seeks direct review of a claim for ineffective assistance of counsel, and seeks remand for re-sentencing in light of *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008).  We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Because defendant failed to object at trial to the admission of "other acts" evidence pursuant to Fed. R. Evid. 404(b), the Court reviews only for plain error.  *United States v. Morris*,

---

[1] Myron Orlando Henry is also designated a Defendant-Appellant.  On October 1, 2009, however, this Court granted the Government's unopposed motion for a remand for plenary re-sentencing.  Therefore, defendant Henry's appeal is no longer before this Court, and, if he seeks appeal after re-sentencing, he must file a new notice of appeal.

350 F.3d 32, 36 (2d Cir. 2003). Pursuant to Fed. R. Crim. P. 52(b), plain error is evident where: (1) there is an error, (2) the error is plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Williams*, 399 F.3d 450, 454 (2d Cir. 2005). To affect "substantial rights," the error must be prejudicial and affect the outcome of the proceedings. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

This circuit has adopted an "inclusionary" approach to "other acts" evidence, which can be admitted "for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *see also Huddleston v. United States*, 485 U.S. 681, 691 (1988). If 404(b) evidence is admitted, the court must, if requested, provide a limiting instruction to the jury. *Huddleston*, 485 U.S. at 691-92; *see also United States v. Lombardozzi*, 491 F.3d 61, 78 (2d Cir. 2007).

In discussing the admissibility of the 404(b) evidence at trial, the Assistant United States Attorney stated, "The relevance goes to, is it important to an issue that's in dispute? And the government submits that the answer to that question is yes." Defense counsel did not, at this juncture, make any statement to the contrary. The district judge then responded, "I think [the] matter has been put in issue." Defense counsel did not, again, make any statement that the 404(b) evidence in question should not be admitted. Indeed, in order "to take . . . an issue out of a case, a defendant must make some statement to the court of sufficient clarity to indicate that the issue will not be disputed." *United States v. Colon*, 880 F.2d 650, 659 (2d Cir. 1989). Defendant concedes that if knowledge and intent *were* at issue at trial, then the 404(b) evidence in question would have been properly admitted. Since defense counsel did not make any statement indicating

3

that intent and knowledge were not at issue (and indeed, failed to object to the evidence at all), this cuts against finding that the district court committed plain error in admitting the 404(b) evidence.

Even if there is some ambiguity as to whether the colloquy between the district judge and the U.S. Attorney specifically referred to the issue of intent, we also find that the 404(b) evidence did not, in any event, materially affect the defendant's rights or the outcome of the trial both because the Government's case was substantial and the trial court's limiting instructions to the jury were substantively adequate and timely. On the merits, the evidence of defendant's role in the offense conduct was corroborated by multiple individuals including a cooperating witness, and was further buttressed by recorded conversations and incriminating circumstantial evidence. We therefore cannot credit defendant's argument that the Government's case hung on a thin thread of credibility as to a single witness's testimony. Moreover, though neither party sought one, the district judge issued a comprehensive limiting instruction as to the 404(b) evidence, reminding the jury that the defendant "is not on trial for committing th[e] prior act" and thus the jurors were forbidden to "consider the evidence of the prior act as a substitute for proof that the defendant committed the charged offense" or to show that "the defendant has a criminal personality or a bad character." Though defendant argues that the failure to issue the limiting instruction immediately after the testimony of the 404(b) witness compounded the prejudice, the timing of the limiting instruction is within the discretion of the trial judge. *See United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984); *see also United States v. Garcia*, 848 F.2d 1324, 1335 (2d Cir. 1988) (discussing limiting instructions pursuant to Rule 105, and stating that whether defendants suffered any harm from trial court's refusal to issue contemporaneous limiting instructions must be assessed within the context of the overall record), *rev'd on other grounds sub nom. Gomez v.*

4

*United States*, 490 U.S. 858 (1989). We do not find that the district court's decision to issue the limiting instruction with the final jury charge, which amounted to a single day's delay, prejudiced the defendant.

As to defendant's claim for ineffective assistance of counsel, the standard for demonstrating constitutionally deficient representation under *Strickland v. Washington*, 466 U.S. 668 (1984), is famously stringent. There is a strong presumption in favor of defense counsel's reasonable representation, and the Court is obligated to avoid second-guessing counsel's strategic decisions with the benefit of hindsight. *Id.* at 689-90. A person claiming ineffective assistance of counsel must satisfy two elements: (1) that counsel's performance fell below an objective standard of reasonableness, *see Johnson v. United States*, 313 F.3d 815, 817-18 (2d Cir. 2002) (per curiam); and (2) that, but for counsel's defective assistance, the result of the proceedings would have been different, *see Strickland*, 466 U.S. at 694.

This Court, however, is "disinclined to resolve ineffective assistance claims on direct review." *United States v. Gaskin*, 364 F.3d 438, 467 (2d Cir. 2004); *see also United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003) ("[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review.") (quotation marks and citation omitted). Counsel accused of being ineffective should be given the opportunity to explain his or her conduct and decision-making process. *Khedr*, 343 F.3d at 100. Indeed, the Supreme Court has stated that "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the district court is "best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504, 505 (2003).

Though the Supreme Court has stated that "few such claims will be capable of resolution

on direct appeal," *id.* at 508, direct review is not categorically precluded and a claim of ineffective assistance can, in certain cases, be resolved without further development of the record. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). This is appropriate where the "factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is 'beyond any doubt' or 'in the interest of justice.'" *Gaskin*, 364 F.3d at 468 (quoting *Khedr*, 343 F.3d at 100).

Defendant's ineffectiveness claim is derivative of his objection to the admission of 404(b) evidence, as discussed above, and to the extent that defendant has failed to show prejudice, the Court is left to speculate as to why trial counsel's performance was so objectively deficient as to be constitutionally defective. Since we cannot resolve this claim on the record before us and in light of the strong aversion to the direct appeal of ineffective assistance claims, the Court declines to adjudicate this claim at this juncture.

Finally, as to defendant's unopposed request for re-sentencing in light of *United States v. Savage*, we agree with the parties that remand is appropriate. In calculating Davis' offense level, the district court applied a "career criminal" enhancement based upon two predicate offenses: (1) a first degree robbery conviction and (2) his conviction under Connecticut General Statute § 21a-277(b) (which was the subject of the 404(b) evidentiary discussion above). The latter conviction resulted from defendant's entry of a guilty plea under the *Alford* doctrine.[1]

The Court reviews *de novo* a determination of whether a prior offense was a "controlled substance offense" as defined by U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2. *Savage*, 542 F.3d at 964. "The government bears the burden of showing that a prior conviction

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

counts as a predicate offense for the purpose of a sentencing enhancement." *Id.* To determine whether a prior conviction counts as a predicate offense under U.S.S.G. § 4B1.2, we have adopted a "modified categorical approach," which requires a two-part inquiry: (1) whether the statute underlying the prior conviction criminalizes conduct that falls entirely within the Guidelines definition of a predicate offense; and (2) if not, then whether the Government has demonstrated that the plea "necessarily" rested on a fact identifying the conviction as a predicate offense. *Id.*

This Court recently held in *Savage* that a prior conviction under Conn. Gen. Stat. § 21a-277(b) cannot categorically qualify as a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2 because the Connecticut provision criminalizes conduct that falls outside of the Guidelines definition. *See Savage*, 542 F.3d at 964-65. Since the Connecticut statute is overly inclusive as compared to the Guidelines, the Government is obligated to show "that the plea 'necessarily' rested on the fact identifying the conviction as a predicate offense." *Id.* at 966 (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)). "The determinative issue is whether the judicial record of the state conviction established with 'certainty' that the guilty plea 'necessarily admitted elements of the [predicate] offense.'" *Id.* (quoting *Shepard*, 544 U.S. at 25, 26) (alteration in the original).

We noted in *Savage* that an *Alford* plea does not guarantee confirmation of the factual basis for the plea because it can be accepted despite the defendant's disagreement with the underlying facts. *Id.* Since the Government relied on both the robbery conviction and the prior drug conviction under Connecticut law to sustain the career criminal enhancement, and it further concedes on appeal that it cannot satisfy its burden of demonstrating that Davis' prior drug conviction is a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2, we

remand to the district court for re-sentencing in light of *Savage*.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, but the sentence imposed is **VACATED** and the case **REMANDED** for re-sentencing.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK