08-5267-cr
United States v. Mitchell

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
        ROGER J. MINER,
        ROBERT D. SACK,
        PETER W. HALL,
                *Circuit Judges*.

———————————————————————————————

UNITED STATES OF AMERICA,
                *Appellee,*

      v.                                      No. 08-5267-cr

KEITH D. MOODY, also known as Lil-Man,
                *Defendant,*

ANTHONY L. MITCHELL, also known as Tone,
                *Defendant-Appellant.*

———————————————————————————————

FOR APPELLEE:                ELIZABETH S. RIKER (John M. Katko, of counsel), Assistant United States Attorneys, for Andrew T. Baxter, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:      GEORGIA J. HINDE, New York, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*). **UPON DUE CONSIDERATION**, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Anthony L. Mitchell, who pleaded guilty to one count of violating 21 U.S.C. § 846 by conspiring to distribute and to possess with intent to distribute more than fifty grams of cocaine base or "crack," claims that the district court erred in imposing a sentence of 140 months' imprisonment. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

Mitchell argues that his sentence of 140 months was unreasonable. We review a district court's sentencing determination for procedural and substantive reasonableness, a standard "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). An appellate court

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for substantive reasonableness, an appellate court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

After careful review of Mitchell's arguments and the appellate record, we hold that the district court did not abuse its discretion in sentencing him to 140 months' imprisonment. Mitchell first argues that the district court abused its discretion because it did not fully appreciate

the extent of its discretion, under *Kimbrough v. United States*, 552 U.S. 85 (2007), to reduce his sentence based on the sentencing disparity between cocaine base and cocaine powder offenses. We disagree.

In *Kimbrough*, the Supreme Court held that a policy disagreement with the cocaine powder / crack cocaine disparity in the Guidelines can be grounds for a non-Guidelines sentence. *Kimbrough*, 552 U.S. at 109-10. In *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008), we observed that our decision in *United States v. Castillo*, 460 F.3d 337 (2d Cir. 2006), "may have been over-read or misread to inhibit any deviation" from the policy and that "when a district court sentenced a defendant for a crack cocaine offense before *Kimbrough*, there was an unacceptable likelihood of error." *Regalado*, 518 F.3d at 147. In *Regalado*, the defendant, at the time of his sentencing in the district court, did not request a deviation, and *Castillo* had not yet been decided. *Regalado*, 518 F.3d at 146. The Court therefore employed a remand similar to that in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), for the district court to determine whether it would have imposed the same sentence had it been aware of the discretion accorded it under *Kimbrough*. *Regalado*, 518 F.3d at 149.

In the instant case, however, Mitchell was sentenced after *Kimbrough* was issued[1] and there is nothing in the record that suggests that the district court was unaware of *Kimbrough*'s significance as it relates to cocaine base offenses. We have held that in the absence of evidence to the contrary, a sentencing judge is presumed to know the state of sentencing law,[2] *see United*

---

[1] Mitchell was sentenced on October 23, 2008.

[2] *Regalado* is not to the contrary. There, we held that cases involving the sentencing disparity between the cocaine base and cocaine powder with the "unusual" posture of coming after *United States v. Booker*, 543 U.S. 220 (2005), and before *Castillo* justified "a narrow and limited exception to our general rule that sentencing courts are presumed to know and follow the applicable sentencing law." *Regalado*, 518 F.3d at 148.

*States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008), and that a district court's silence on the issue of the cocaine powder / crack cocaine disparity is not indicative of its approach to sentencing, *see United States v. Keller*, 539 F.3d 97, 101 (2d Cir. 2008) (stating that the Court has "disavowed formulaic requirements and robotic incantations for discharging a court's duties during sentencing" (citations and internal quotation marks omitted)).

Each of the cases Mitchell cites involved defendants who were sentenced prior to *Kimbrough,* and each decision was based in substantial part on the fact that the sentencing came at a time when the law of this Circuit was unsettled. *See, e.g.*, *id.* ("[A]t the time of sentencing in this case, our own case law prohibited a district court from imposing a non-Guidelines sentence solely on the basis of that court's disagreement with the 100-to-1 ratio provided by statute."). That is simply not the case here.[3] We therefore conclude that the district court did not abuse its discretion as to the effect of the Supreme Court's ruling in *Kimbrough*.

Mitchell next argues that the district court abused its discretion in determining his criminal history category. The presentence report ("PSR") assessed ten points for seven misdemeanor convictions and one violation that occurred between 1996 and 2002, and two additional points for a felony conviction in 1996 for criminal possession of a weapon. Based on this history, the PSR calculated that Mitchell had a criminal history category of V. Mitchell submitted a sentencing memorandum moving for a criminal history category departure. The district court denied this motion.

---

[3] We reject the argument that sentencings that occurred in the time between *Kimbrough* and *Spears v. United States*, --- U.S. ---, 129 S. Ct. 840 (2009) (per curiam), are subject to remand due to a major change in the law. *Spears* did not alter the law in any way; rather, it merely "confirmed" *Kimbrough*'s core holding. *See, e.g.*, *United States v. Arrelucea-Zamudio*, 581 F.3d 142, 157 (3d Cir. 2009).

4

Mitchell has admitted to having "too many prior convictions," and immediately before his arrest for the instant offense a search uncovered approximately 91 grams of crack cocaine, cocaine, marijuana, approximately $60,000 in cash, and ammunition. The district court carefully considered this history and rejected the very arguments Mitchell now makes before this court, stating that Criminal History Category V was "an accurate reflection of [Defendant-Appellant's] criminal history." We therefore find no abuse of discretion in that court's decision to assign a criminal history category of V.

Finally, it appears that Mitchell challenges his sentence on substantive grounds. Although his exact arguments are not entirely clear from his brief, such a challenge fails in any event. Given his adjusted offense level of 33, the PSR concluded that Mitchell faced a potential Guidelines range of 210 to 262 months' imprisonment. After a government motion recommending a three-level downward departure, later increased to a four-level downward departure, Mitchell's adjusted offense level was 29 and his Guidelines imprisonment range was 140-175 months. The district court sentenced Mitchell to 140 months, at the very bottom of this range. Mitchell himself waived the right to appeal any sentence lower than 135 months, strongly suggesting that any sentence at that level would be substantively reasonable. His actual sentence was only five additional months, and there is ample evidence in the record—including the fact that he appeared to take a leadership role in the drug dealing he engaged in with his codefendant Keith Moody—that supports the reasonableness of the sentence.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk